LINDOFT and wife, Respondents, vs. VANDENBERG and others, Appellants.

*March 4—April 1, 1930.*

The cause was submitted for the appellants on the brief of *Henry C. Oakey* of Osceola and *Howard D. Blanding* of St. Croix Falls, and for the respondents on that of *Earl Nelton* of Balsam Lake, attorney, and *Fuller & Lampson* of Cumberland, of counsel.

CROWNHART, J.   The respondents, husband and wife, were joint owners of the leased premises.   They leased in writing the premises to the appellants Vandenberg, brother and sister.   Thereafter the sister married the appellant Pearson, and the brother assigned his interest in the lease to Pearson, and the Pearsons occupied the premises as a restaurant thereafter.

At the same time as the original lease, the respondents executed a bill of sale to the appellants Vandenberg of "all their stock, fixtures, and supplies now being used in connection with his restaurant business now being conducted" in said leased premises.   The consideration of the bill of sale was $3,500.

When the lease expired the appellants Pearson moved from the premises, and took with them certain "fixtures" which are the subject of the litigation.   Respondents claim they were a part of the realty and not included in the bill of sale, and appellants claim to the contrary.

The testimony would indicate that the value of goods included in the bill of sale, excluding the disputed fixtures, did not exceed $1,200, leaving $2,300 of the purchase price unaccounted for.

The fixtures in dispute are: a stationary laundry, a kitchen sink, a wash bowl, a hot-water tank, part of a water pipe belonging to the water system, two water faucets, an electric sign, and certain booths in the building.   Besides, there was a restaurant sign at the back of the building.

The bill of sale was drawn by a Mr. Wilcox, and evidence was introduced on the part of the respondents as to the intention of the respondents in describing the property. He testified not only to facts and circumstances surrounding the deal, but to his inferences therefrom. Such inferences were clearly incompetent. The language of the bill of sale is not ambiguous. The court had to determine as a matter of law what was included in the term "all their stock, fixtures, and supplies" used in connection with such restaurant business. Clearly, the sellers had in mind to convey something more than stock and supplies when they used the word "fixtures." They made it plain what fixtures they were selling, i. e. those used in connection with the restaurant business, such as are generally known as trade fixtures. They were suitable for a restaurant but not for some other business. The respondents were selling their restaurant business. That business included trade fixtures. The appellants were buying a business. The price paid indicates plainer than words that something besides stock and supplies was included in the purchase.

The owner of real estate, by express or implied agreement, may reimpress fixtures, which are readily separable from the realty, with the character of personalty. *Merchants' Nat. Bank v. Stanton,* 55 Minn. 211, 56 N. W. 821, 43 Am. St. Rep. 491, with note.

By the act of including the trade fixtures in the bill of sale, respondents manifested their intent to separate them from the realty and treat them as personalty. The testimony discloses without dispute that these fixtures were adapted chiefly for restaurant purposes and not for other purposes, and that they were readily separable from the realty without serious damage. That being so, they were conveyed by the bill of sale by respondents to appellants, and appellants had a right to remove them before they surrendered the premises under their lease.

*By the Court.*—The judgment of the county court is reversed, with directions to dismiss the complaint.